■ FRANK OLEKSIK, Appellant, v. JOHN JONES, SR., et al., Respondents.— Judgment and order unanimously modified to grant a new trial and, as so modified, affirmed, with costs to abide the event. Memorandum: This action arose from an incident which occurred when police answered a call at plaintiff's apartment building. Plaintiff and his wife, who occupied a second-floor apartment, had been attending a party in the third-floor apartment. Some of the people at the party began fighting, pushing each other around and arguing in loud voices. Plaintiff's wife went down to their apartment and called the police, and he stayed upstairs. When the police officers answered the call, some of them asked plaintiff to go downstairs with them to his apartment. Plaintiff's wife testified that she asked two of the police officers to bring plaintiff down to their apartment because he was drunk and she believed she needed their help to get him downstairs. Plaintiff testified that, as he was walking down, defendant Jones, one of the officers, without any provocation struck him on the top of the head. His wife stated that when plaintiff was on about the third step up from the landing, Jones, who had been on the landing, walked up to plaintiff, struck him on the head and said that he was under arrest for hitting an officer. All four police officers who answered the call stated that plaintiff was not struck but fell down the stairs. · Plaintiff received a slight concussion, possible headaches and a scalp injury which healed perfectly. There was no permanency. The medical bills totaled $229 and plaintiff stayed home from work for seven days; no lost wages were shown. The verdict, so far as both liability and damages were concerned, was not supported by the evidence and was properly set aside (*Kimberly-Clark Corp.* v. *Power Auth. of State of N. Y.*, 35 A D 2d 330). However, this was not a case where plaintiff's evidence was so meager that it could be said it was no evidence at all and, consequently, the complaint should not have been dismissed (*Loewinthan* v. *Le Vine*, 299 N. Y. 372; *Westbrook* v. *Green Bus Lines*, 30 A D 2d 959; *Wessel* v. *Krop*, 30 A D 2d 764). Under these circumstances a new trial should be granted. (Appeal from order and judgment of Oneida Trial Term setting aside verdict and dismissing complaint.) Present — Goldman, P. J., Witmer, Moule, Cardamone and Simons, JJ.